UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARMINDER SINGH,<br><br>    Plaintiff,<br><br>    v.<br><br>EMILIA BARDINI, Director San Francisco Asylum Office; ALEJANDRO MAYORKAS, USDHS Secretary; MERRICK GARLAND, U.S. Attorney General; DOES 1 to 50,<br><br>    Defendants. | No. 2:22-CV-01027-JAM-DB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Plaintiff, Harminder Singh ("Plaintiff"), brings this complaint for a writ of mandamus against: (1) Emilia Bardini, Director of the San Francisco Asylum Office; (2) Alejandro Mayorkas, Secretary of the United States Department of Homeland Security; (3) Merrick Garland, Attorney General of the United States; and (4) various fictious persons (collectively "Defendants"). See generally Compl., ECF No. 1. Plaintiff filed this action under the Mandamus Act, 8 U.S.C. § 1361, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, to compel Defendants to act on his I-589 Application for Asylum ("I-589") by scheduling his interview with the United States Citizenship and Immigration Services ("USCIS").  Defendants move to dismiss Plaintiff's claims.  See generally, Mot. to Dismiss ("Mot."), ECF

1

No. 21. Plaintiff failed to file an opposition. As a result, Defendants filed a reply asking the Court to treat Plaintiff's lack of response as a non-opposition pursuant to Local Rule 230(c). See Reply, ECF No. 23; see also E.D. Cal. Local Rule 230(c).[1]

For the reasons set forth below, the Court GRANTS Defendants' motion WITHOUT PREJUDICE.

## I.   BACKGROUND

Plaintiff entered the United States on or about December 14, 2018, at or near Otay Mesa, California as an unaccompanied child ("UAC"). See Compl. ¶ 7. On March 15, 2019, Plaintiff submitted an I-589 to the USCIS Nebraska Service Center. See Id. ¶ 9. On April 9, 2019, Plaintiff received an Acknowledgment Notice from the San Francisco Asylum Office ("SFAO"). See Id. ¶ 10. On March 15, 2021, Plaintiff informed the SFAO his application involved an UAC. See Id. ¶ 11. On May 18, 2021, Plaintiff's counsel sent correspondence to the SFAO requesting the issuance of an interview scheduling notice. See Id. ¶ 12. Such a notice has yet to be issued. See Id.

Plaintiff then filed this suit on June 13, 2022. See generally Id. Defendants now move to dismiss Plaintiff's claim pursuant to Fed. R. Civ. P. 12(b)(6). As noted above, Plaintiff did not file an opposition to this motion. See generally Mot. In their reply brief, Defendants ask the Court to construe Plaintiff's failure to respond as a non-opposition pursuant to

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 6, 2023.

2

Local Rule 230(c). See E.D. Cal. Local Rule 230(c) ("A failure to file a timely opposition may . . . be construed by the Court as a non-opposition to the motion."). Although Defendants' request is appropriate under Local Rule 230(c), the Court exercises its discretion to proceed on the merits of Plaintiff's claims.

## II. OPINION

### A. Legal Standard

When weighing a motion to dismiss, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008). However, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). Facial plausibility exists when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "a formulaic recitation of a cause of action's elements will not do." Twombly, 127 S. Ct. at 1965. Such statements are "legal conclusion[s] couched as factual allegation[s]" that must be dismissed. Papasan v. Allain, 106 S. Ct. 2932, 2944 (1986).

### B. Analysis

The Mandamus Act allows the Court to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Such relief is

available when: "(1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997). Importantly, a petition compelling an agency to execute nondiscretionary duties seeks the same relief afforded by the APA. See R.T. Vanderbilt Co. v. Babbitt, 113 F.3d 1061, 1065 (9th Cir. 1997) (recognizing "mandamus relief and relief under the APA are 'in essence' the same . . . ."). In turn, courts can analyze a mandamus claim through an APA framework if the APA provides an adequate remedy. See Id. Here, Plaintiff seeks the same outcome under both statutes: for this Court to compel Defendants to schedule his I-589 interview. See Compl. ¶ 16. Because Plaintiff's desired outcome under the APA and Mandamus Act are the same, the Court finds that the former provides an adequate remedy for all of Plaintiff's claims and employs an APA analysis accordingly.

The APA requires administrative agencies to adjudicate "matter[s] presented to [them]" within a "reasonable time." 5 U.S.C. § 555(b). When an agency fails to execute this duty, a "reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). To evaluate whether such a delay is unreasonable, Ninth Circuit courts employ the following TRAC factors:

(1) the time agencies take to make decisions must be governed by a rule of reason;
(2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to

```
     proceed in the enabling statute, that statutory scheme may
     supply content for this rule of reason;
     (3) delays that might be reasonable in the sphere of
     economic regulation are less tolerable when human health and
     welfare are at stake;
     (4) the court should consider the effect of expediting
     delayed action on agency activities of a higher or competing
     priority;
     (5) the court should also take into account the nature and
     extent of the interests prejudiced by delay; and
     (6) the court need not find any impropriety lurking behind
     agency lassitude in order to hold that agency action is
     unreasonably delayed.
```

In re Pesticide Action Network N. Am., Nat. Res. Def. Council, Inc., 798 F.3d 809, 813 (9th Cir. 2015) (citing Telecommunications Rsch. & Action Ctr. v. F.C.C., 750 F.2d 70, 79 (D.C. Cir. 1984) ("TRAC").  The Ninth Circuit determined the most important factor is the first, the "rule of reason."  See In re Nat. Res. Def. Council, Inc., 956 F.3d 1134, 1139 (9th Cir. 2020).  Despite the first factor's significance, it is not itself dispositive; all factors must be weighed.  In re A Cmty. Voice, 878 F.3d 779, 786 (9th Cir. 2017).

Plaintiff alleges that Defendants must schedule his interview given his I-589 has been pending for six years.  See Compl. ¶ 13.  He contends Defendants' failure to schedule his interview is "arbitrary and capricious and not in accordance with the law."  See Id. ¶¶ 13, 15.  Plaintiff also alleges he has been "greatly damaged" by Defendants' delay because he has "been

unable to pursue a claim for asylum and related relief." Id. ¶ 15. Defendants, in response, claim the delay is reasonable under the TRAC factors. See Mot. 9-16. The Court agrees with Defendants for the following reasons.

Under the first and second factors, courts routinely conclude the last-in-first-out ("LIFO") scheduling system of processing asylum applications is a rule of reason. Teymouri v. U.S. Citizenship & Immigr. Servs., No. CV 22-7689 PA (JCX), 2022 WL 18717560, at *4 (C.D. Cal. Jan. 31, 2022) (collecting cases stating LIFO is an accepted rule of reason). Furthermore, although Congress articulated a timeline for the adjudication of I-589s in 8 U.S.C. 1158(d)(5)(A), it also gave USCIS the leeway to adjudicate applications at its discretion when exceptional circumstances arise. See 8 U.S.C. § 1158(d)(5)(A). Here, as Defendants point out, exceptional circumstances exist because of the COVID-19 pandemic and unprecedented surge in asylum applications—which strained USCIS resources and are beyond Defendants' control. See Mot. at 9; see also Decl. of John L. Lafferty ("Lafferty Decl.") ¶¶ 29-34, ECF No. 21-1. Moreover, although Plaintiff claims his application has been pending for six years, his Complaint states it was submitted on March 15, 2019—a little more than four years ago. See Compl. ¶ 9. While the processing of Plaintiff's application is greater than Section 1158(d)(5)(A)'s 180-day timeline, courts regularly find delays like Plaintiff's reasonable. See Fang Yan v. Dir. of Los Angeles Asylum Off. for the United States Citizenship & Immigr. Servs., No. 2:22-CV-05846-ODW-MRWx, 2023 WL 4053410, at *4 (C.D. Cal. June 16, 2023) (finding four-year delay reasonable);

6

Teymouri, 2022 WL 18717560, at *4 (finding five-year delay reasonable); Varol v. Radel, 420 F. Supp. 3d 1089, 1097 (S.D. Cal. 2019) (finding three-year delay reasonable).

TRAC's third and fifth factors— concerning whether human health and welfare are at stake and the nature and extent of the interests prejudiced by delay—also favor Defendants. Plaintiff simply asserts he has been "greatly damaged" by the delay because he has "been unable to pursue a claim for asylum and related relief." Compl. ¶ 15. Plaintiff's allegations, as a result, fail to specify how the delay in scheduling his interview negatively impacts his health, welfare, or interests. Furthermore, as Defendants note, Plaintiff remains and works in the United States without fear of removal while his I-589 is being adjudicated. See Mot. at 14. Taken together, Plaintiff's allegations suggest a "minimal risk to human health or welfare, and any prejudice [Plaintiff] faces from delay is likewise faced by all asylum applications in similar positions." Yan, 2023 WL 4053410, at *5. In turn, the Court concludes TRAC's third and fifth factors weigh against Plaintiff's request for relief.

TRAC's fourth factor—concerning the effect of expediting delayed action on activities of a higher or competing priority— also favors Defendants. To properly execute its responsibilities, USCIS balances competing priorities—like adjudicating petitions filed before Plaintiff's and ones involving exigent circumstances requiring expedited review. See Lafferty Decl ¶ 27. Importantly, even when TRAC factors favor granting relief, courts withhold such an outcome where "a judicial order putting [an applicant] at the head of the queue

7

would simply move all others back one space and produce no net gain." Mashpee Wampanoag Tribal Council, Inc. v. Norton, 336 F.3d 1094, 1100 (D.C. Cir. 2003) (cleaned up) (quoting In re Barr Labs., Inc., 930 F.2d 72, 75 (D.C. Cir. 1991)). Here, granting Plaintiff's requested relief "simply moves [him] to the front of the line at the expense of all other applicants who may not have filed an application for mandamus relief." Varol, 420 F. Supp. 3d at 1098. This factor therefore favors Defendants.

Finally, TRAC's sixth factor states "the court need not find any impropriety . . . in order to hold that agency action is unreasonably delayed." TRAC, 750 F.2d at 80. The Court, as a result, need not consider whether impropriety contributed to the delay Plaintiff alleges, making this factor neutral.

Because five of the six TRAC factors favor Defendants and the other is neutral, the Court concludes Plaintiff failed to state a plausible claim for relief under the APA and Mandamus Act. The Court therefore GRANTS Defendants' motion to dismiss Plaintiff's claims WITHOUT PREJUDICE.

### III. ORDER

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss WITHOUT PREJUDICE. If Plaintiff intends to file an amended complaint, he must do so within twenty (20) days of this Order. Defendants' responsive pleading is due twenty (20) days thereafter.

IT IS SO ORDERED.

Dated: July 19, 2023

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE